IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BARBARA ANN MILLER and STEVEN L. MILLER-HART,<br><br>               Plaintiffs,<br><br>     v.<br><br>STATE OF OREGON *et al.*,<br><br>               Defendants. | Case No. 3:26-cv-00220-SB<br><br>**OPINION AND ORDER** |

**Michael H. Simon, District Judge.**

      Plaintiffs Barbara Ann Miller and Steven L. Miller-Hart ("Plaintiffs"), self-represented litigants, filed this civil Racketeer Influenced and Corrupt Organizations Act ("RICO") action against Defendants State of Oregon, Oregon Department of Human Services ("DHS"), DHS Adult Protective Services, Bradley Veo Timmons, Amerititle Escrow Company, Hood River County, Oregon, Diamond Fruit Growers, Inc., and Does 1-50, seeking $60 million in damages and other relief. (Compl., ECF No. 1.) On February 23, 2026, Plaintiffs filed original and amended emergency motions for a temporary restraining order. (Pl.'s Mot. TRO, ECF No. 8; Pl.'s Am. Mot. TRO, ECF No. 9.)

///

PAGE 1 – OPINION AND ORDER

For the reasons discussed in the Court's Order to Show Cause, the Court has concluded that Plaintiffs' complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Order Show Cause, ECF No. 10.) For the same reasons discussed in the Order to Show Cause, the Court finds that Plaintiffs are unlikely to succeed on the merits of their claims. See *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.") (citations omitted).[1] The Court further finds that Plaintiffs have not demonstrated in their motion that they are likely to suffer irreparable harm in the absence of temporary or preliminary injunctive relief, and the balance of equities and public interest do not support emergency injunctive relief here. See *id.*

For these reasons, the Court DENIES Plaintiffs' amended emergency motion for a temporary restraining order (ECF No. 9), without prejudice to refiling the motion following the Court's resolution of the Order to Show Cause if this case proceeds, and DENIES AS MOOT Plaintiff's original emergency motion for a temporary restraining order (ECF No. 8).

**IT IS SO ORDERED.**

DATED this 23rd day of February 2026.

Michael H. Simon
United States District Judge

---

[1] *See also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that the standard for granting a temporary restraining order is "substantially identical" to the standard for granting a preliminary injunction).

PAGE 2 – OPINION AND ORDER