# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **BARBARA ANN MILLER,** individually and as Trustee of the LCDR Donald G. Miller Trust; **STEVEN L. MILLER-HART**, | Case No. 3:26-cv-220-SB |
| Plaintiffs, | **ORDER** |
| v. | |
| **STATE OF OREGON**; **OREGON DEPARTMENT OF JUSTICE**; **ELLEN ROSENBLUM**, individually and in her official capacity; **DANIEL ADAM RAYFIELD**, individually and in his official capacity; **OREGON DEPARTMENT OF HUMAN SERVICES**; **DHS - ADULT PROTECTIVE SERVICES**; **DHS-ESTATE ADMINISTRATION UNIT**; **DHS-RISK MANAGEMENT DIVISION**; **HOOD RIVER COUNTY, OREGON**; **ALLISON WILLIAMS**, individually and in her official capacity; **JEFF HECKSEL**, individually; **ERIC WALKER**, individually; **DIAMOND FRUIT GROWERS, INC.**; **AMERITITLE ESCROW COMPANY**; and **BRADLEY VEO TIMMONS**, | |
| Defendants. | |

PAGE 1 – ORDER

**Michael H. Simon, District Judge.**

United States Magistrate Judge Stacie Beckerman issued Findings and Recommendation in this case on March 17, 2026. Judge Beckerman recommended that this Court dismiss Plaintiffs' Second Amended Complaint ("SAC") with prejudice. Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiffs timely filed an objection, arguing primarily that the statute of limitations on their RICO claims begins to run when the conspiracy is discovered. ECF 18 at 6-7. The Court

PAGE 2 – ORDER

has reviewed *de novo* those portions of Judge Beckerman's Findings and Recommendation to which Plaintiffs have objected, as well as Plaintiffs' objections. The Court agrees with Judge Beckerman's analysis regarding the statute of limitations on Plaintiffs' claims and adopts those portions of the Findings and Recommendation.

Plaintiffs fundamentally misunderstand the case on which they primarily rely in their objections, *Grimmett v. Brown*, 75 F.3d 506 (9th Cir. 1996). Plaintiffs cite *Grimmett* for the proposition that the statute of limitations on a RICO claim begins to run when "plaintiffs know both the injury and its source as a RICO injury." ECF 18 at 7. But as Judge Beckerman explains, the Ninth Circuit applied the injury discovery rule in *Grimmett*, holding that the limitations period begins to run "when a plaintiff knows or should know of the injury that underlies his cause of action." *Grimmett*, 75 F.3d at 510-11 (quoting *Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.*, 828 F.2d 211, 220 (4th Cir. 1987).

Moreover, as Judge Beckerman observes, Plaintiffs did not in their SAC "allege how they discovered the coordinated enterprise on March 10, 2025," the date Plaintiff's allege they discovered the RICO conspiracy. ECF 16 at 9. Thus, even if the Ninth Circuit followed the "injury and pattern discovery" rule of other circuits, Plaintiffs' SAC would be insufficient to state a claim. In their objections, Plaintiffs address this shortcoming by describing a letter *that they sent* to the President of Diamond Fruit Growers ('DFG"), one of the many entities that Plaintiffs allege participated in a conspiracy against them. ECF 18 at 8. That letter appears to suggest a connection between DFG, the State of Oregon Department of Human Services, and the Hood River County Senior Planning Director. ECF 18-1 at 57. The letter, however, fails to explain any basis—let alone timing—for Plaintiffs' purported discovery of a conspiracy, and

PAGE 3 – ORDER

Plaintiffs themselves sent the letter. Thus, Plaintiffs' sending that letter cannot serve as evidence of when Plaintiffs supposedly discovered the alleged conspiracy.

For those portions of Judge Beckerman's Findings and Recommendation for which there is no objection, the Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court ADOPTS Judge Beckerman's Findings and Recommendation, ECF 16. The Court DISMISSES Plaintiff's SAC (ECF 14), with prejudice.

**IT IS SO ORDERED.**

DATED this 6th day of April, 2026.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge

PAGE 4 – ORDER